IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LONNIE JOHNSON, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. SAG-23-3399 |
| PATRICIA CUSHWA, *U.S. Parole Chairperson*, | * | |
| | * | |
| Respondent. | * | |

***

## MEMORANDUM OPINION

On December 13, 2023, the Court received a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 from Petitioner Lonnie Johnson. ECF No. 1. Petitioner alleged that his Fifth and Fourteenth Amendment rights to due process were violated when the U.S. Parole Commission failed to give him a prompt hearing on a parole violation warrant. *Id*. at 2-3. As relief, Petitioner asks this Court to direct Respondent to cancel the warrant for parole violation and direct that the warrant be removed from his files at the Roxbury Correctional Institution ("RCI") where he is currently being held. *Id*. at 3.

On December 19, 2023, Respondent was ordered to answer the Petition. ECF No. 3. On January 26, 2024, Respondent filed a Motion for Stay, or in the Alternative, for Extension of Time, explaining that the Parole Commission issued a Notice of Action on January 17, 2024, requiring a hearing within 90 days and that the Petition may soon be moot.[1] ECF No. 5. On April 5, 2024, Respondent file a Motion to Dismiss the Petition. ECF No. 6. Respondent argued lack of jurisdiction because Petitioner is not in her custody, and that the Petition is moot because the

---

[1] The Motion to Stay or for Extension of Time will be granted *nunc pro* tunc. The deadline for responding to the Petition will be extended to April 5, 2024, the date on which Respondent filed her Motion to Dismiss. *See* ECF No. 6.

Petitioner has received the relief requested. *Id.* In support, Respondent submitted numerous documents pertaining to Petitioner's parole violation. ECF No. 6-1. The documents include a copy of a Notice of Action from the U.S. Parole Commission dated March 4, 2024, which orders the withdrawal of the warrant at issue and removal of the detainer. *Id.* at 44. A copy of the Notice of Action was provided to Roxbury Correctional Institution and to Petitioner's supervising officer. *Id.*

On April 5 and 8, 2024, notices advising Petitioner of his right to respond to Respondent's dispositive motion pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975) were mailed to Petitioner. ECF Nos. 7-8. Petitioner has not filed a response to the Motion to Dismiss. For the reasons stated below, Respondent's Motion will be granted, and the Petition for Writ of Habeas Corpus shall be dismissed.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477). "The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 316

(1974)). Here, Respondent has shown that Petitioner received the relief requested; the warrant for violation of parole was withdrawn, and Roxbury Correctional Institution was notified with instructions to remove the detainer on Petitioner. Additionally, Petitioner has not filed any opposition. Therefore, Petitioner's claim is moot. Respondent's Motion to Dismiss shall be granted, and the Petition will be dismissed.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his petition absent issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1) (Unless a circuit justice of judge issues a certificate of appealability, an appeal may not be taken from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or . . . the final order in a proceeding under section 2255").

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner fails to meet this standard and the Court declines to issue a certificate of appealability. Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate order follows.

| | |
|---|---|
|   July 11, 2024 |         /s/ |
| Date | Stephanie A. Gallagher |
| | United States District Judge |